# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**ALESIA BOBBITT**                                                                 **PLAINTIFF**

**v.**                               **No. 3:15-CV-00177-JTR**

**CAROLYN W. COLVIN,**
Acting Commissioner,
**Social Security Administration**                                       **DEFENDANT**

## ORDER REMANDING TO THE COMMISSIONER

Alesia Bobbitt ("Bobbitt") applied for social security disability benefits with an alleged onset date of October 6, 2011. (R. at 56). The administrative law judge ("ALJ") denied Bobbitt's application, and the Appeals Council declined her request for review. (R. at 1). The ALJ's decision thus stands as the final decision of the Commissioner from which Bobbitt has requested judicial review.

For the reasons stated below, this Court[1] reverses and remands the Commissioner's decision.

**I.      The Commissioner's Decision**

The ALJ found that Bobbitt had: (1) a severe impairment, namely acquired equinus Achilles (R. at 27); and (2) the residual functional capacity ("RFC") to perform light work, except that she was restricted from climbing ropes, ladders, or scaffolding; from performing work at unprotected heights; and from the use of any

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. *Doc. 4*.

1

foot controls of the left foot. (R. at 28). After hearing testimony from a vocational expert, the ALJ determined that Bobbitt could not return to past relevant work but could work in such jobs as motel maid or cafeteria server. (R. at 30–31). As a result, the ALJ held that Bobbitt was not disabled. (R. at 32).

**II. Discussion**

Bobbitt argues that substantial evidence does not support the ALJ's decision. She specifically argues that the ALJ's credibility analysis was flawed and that the medical records support her allegations.

The Commissioner's decision must be affirmed if it is not based on legal error and is supported by substantial evidence in the record as a whole. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997). "Substantial evidence in the record as a whole" has been defined to mean "less than a preponderance, but enough that a reasonable mind would find it adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). The Court defers to the ALJ's credibility determination if it is supported by good reasons and substantial evidence. *Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014).

After carefully reviewing the record, the Court concludes that the ALJ's credibility analysis is flawed. The ALJ commended Bobbitt on her work history, both in the decision and at the hearing. (R. at 29, 40). This strong work history includes two jobs, each of which she held for almost nine years, with no gap in

employment. (R. at 173). Such a work history lends support to a claimant's credibility. *O'Donnell v. Barnhart*, 318 F.3d 811, 816-17 (8th Cir. 2003).

While Bobbitt declined pain medication on two occasions, the overall evidence supports her allegations of pain. (R. at 283, 342, 344). Notably, Bobbitt declined treatment recommended for reflex sympathetic dystrophy of the lower limb, a condition she later was determined not to have. (R. at 250, 282, 283). Further, Bobbitt has been prescribed hydrocodone and a Medrol Dosepak. (R. at 157, 210). She reported that the Medrol Dosepak was not effective in controlling her pain and that hydrocodone makes her sick and sleepy. (R. at 157, 287). She testified to using ibuprofen to help control her pain. (R. at 43).

The ALJ stated that Bobbitt's daily activities do not support a finding of disability (R. at 30). However, the Eighth Circuit has held that light housework and other such activities do not, standing alone, support a finding that a claimant can perform full time competitive work. *Baumgarten v. Chater*, 75 F.3d 366, 369 (8th Cir. 1996). "The test is whether the claimant has 'the ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world.'" *Draper v. Barnhart*, 425 F.3d 1127, 1131 (8th Cir. 2005) (quoting *McCoy v. Schweiker*, 683 F.2d 1138, 1147 (8th Cir. 1982)). In particular, the ALJ noted that Bobbitt can shop while leaning on a shopping cart for support. (R. at 30). Light work generally

requires that a worker be capable of walking or standing for six hours in an eight-hour workday. *Holley v. Massanari*, 253 F.3d 1088, 1091 (8th Cir. 2001). The fact that Bobbitt must lean on a shopping cart while she shops does not support her ability to perform light work.

Bobbitt reported shopping for three hours on one occasion, after which she had to rest. (R. at 289). Her treating podiatrist later opined that two hours was the approximate maximum time she could walk and stand before needing to rest her foot. (R. at 282). In short, the objective medical evidence simply does not provide any support for the ALJ's determination that Bobbitt had the RFC to perform light work, which would have required her to stand or walk for six hours in an eight-hour workday.

### III. Conclusion

For the foregoing reasons, the Court finds that the ALJ's decision is not supported by substantial evidence. On remand, the ALJ is instructed to reevaluate Bobbitt's RFC, specifically in regard to a proper limit on her ability to stand and/or walk throughout the day.

It is so ordered this 1st day of August, 2016.

                                                /s/ J. Thomas Ray
                                                UNITED STATES MAGISTRATE JUDGE